UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-cv-60256

TIMOTHY J. HOWELL,

      Plaintiff,

v.

MILAN ASOUS, a deputy sheriff in his individual capacity, and DE'JARNIRA RICHMOND, a deputy sheriff in his individual capacity,

      Defendants,

_____/

## COMPLAINT FOR DAMAGES
**(Jury trial demanded)**

The Plaintiff, Pro Se, sues MILAN ASOUS and DE'JARNIRA RICHMOND, and says:

1. This is an action against two deputies of the Broward Sheriff's Office ("BSO") for damages suffered by the Plaintiff stemming from the use of excessive of force during his arrest on April 20, 2022. Plaintiff alleges that the Defendants allowed him to be mauled by a K-9 after he peaceably surrendered and no longer posed any threat of harm or resistance to the deputies or the public.

**JURISDICTION AND VENUE**

2. This action is brought by Plaintiff against two deputy sheriffs in their individual capacity pursuant to the state tort laws of the State of Florida and 42 U.S.C. §§1983, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitutional provisions mentioned above, and under the state tort laws of Florida. Supplemental jurisdiction, and joinder of parties for state law claims are proper pursuant to 28 U.S.C. §1367(a) because they form part of the *same case or controversy*.

3. Venue is proper in the Southern District of Florida because the violations alleged occurred in the Southern District.

## PARTIES

4. The Plaintiff TIMOTHY J. HOWELL is an adult man who resides in Broward County, Florida is otherwise *sui juris*.

5. At all times material hereto Defendant MILAN ASOUS was a Broward County Deputy Sheriff acting under the color of law.

6. At all times material hereto Defendants DE'JARNIRA RICHMOND was a Broward County Deputy Sheriff acting under the color of law.

## GENERAL ALLEGATIONS

7. On April 20, 2022, the Defendants, acting in the capacity of law enforcement officers under the color of law sought to apprehend the Plaintiff based on suspicion of felony theft and other offenses.

8. During the pursuit the Plaintiff fled to the bank of a canal to hide. He remained stationary near the waterline among shrubs or mangroves. As the Defendants neared where the Plaintiff was located, he became clearly visible to the Defendants (it was daytime).

9. At no time did the Plaintiff make any threat by word or act to offer violence toward the Defendants. The Plaintiff made no motion or offer of resistance that might otherwise be construed as presenting a danger to the safety of the Defendants, the K-9 unit that was present, or any other person or property. He merely remained still.

10. When the Defendants were within several feet of the Plaintiff, who was clearly visible, Defendant ASOUS released the K-9 unit under his command allowing the dog to attack the Plaintiff.

11. Simultaneous to the release of the K-9, the Plaintiff stood and announced clearly, "I surrender," showing his hands to indicate he was unarmed and not a threat to the Defendants, the K-9, or any other person or property.

12. Defendant RICHMOND stood by with his gun drawn and pointed directly at the Plaintiff.

13. As the K-9 attacked, the Plaintiff continued to scream in pain that he surrendered and complied with all the verbal orders given by the Defendants.

14. Notwithstanding the Plaintiff's complete surrender and compliance, Defendant ASOUS failed to order the K-9 to release the Plaintiff. Nor did RICHMOND intervene to prevent further attack.

15. With the K-9 still actively attacking the Plaintiff, ASOUS and the other Defendants escorted the Plaintiff approximately 30 to 50 feet down the canal bank, where, with the dog still engaged and attacking, and the Plaintiff protesting in anguish, the Plaintiff was placed in handcuffs.

16. At no time after the Plaintiff announced his surrender was he a threat to officer safety, or any person or property in the area. The Plaintiff was clearly unarmed and made no motion that would indicate that he intended to arm himself.

17. Notwithstanding the Plaintiff's unequivocal surrender, the Defendants allowed the K-9 to gratuitously maul the Plaintiff without pause for minutes during which time the Plaintiff continued to scream, "I surrender."

18. During the attack, Defendant ASOUS failed to direct the K-9 to release from the Plaintiff's arm despite it being clearly and plainly obvious that the continued use of force was unnecessary and unwarranted.

19. During the attack, Defendants RICHMOND stood by, failing to intervene to prevent the unnecessary and unwarranted use of force despite an unobstructed opportunity to do so.

20. As a direct and proximate cause of the Defendants' actions, the Plaintiff suffered grievous and permanent physical injury and emotional trauma resulting in continued anxiety, anguish, stress, loss of enjoyment of life, and/or other compensable damages. These injuries are long lasting and/or permanent.

## COUNT I
### VIOLATION OF 42 U.S.C § 1983–EXCESSIVE USE OF FORCE
### (DEFENDANT ASOUS)

21. The Plaintiff realleges and incorporates paragraphs 1-5 and 7-20 as if specifically pled herein.

22. On April 20, 2022, Defendant ASOUS, acting under the color of law, violated the Plaintiff's constitutionally protected right against excessive use of force.

23. At all times material hereto no reasonable officer would conclude that the actions of the Plaintiff, notwithstanding his flight from apprehension, posed an immediate threat of violence, danger, or resistance requiring the deployment of the K-9 in the manner used by ASOUS.

24. After the Plaintiff was in custody and/or posed no threat of danger or resistance, ASOUS allowed the K-9 to continue to attack and maul the Plaintiff for a protracted and unreasonable length of time beyond that which was reasonably necessary for any lawful purpose.

25. As a K-9 handler ASOUS possesses a short one-word command which directs the dog to immediately release an arrestee to avoid unnecessary, gratuitous, and excessive force.

26. In this instance ASOUS refused to use that command, knowing or having sufficient information to reasonably conclude that his failure to command the K-9 to release the Plaintiff would inflict harm on the Plaintiff without legal cause. As such, ASOUS' use of his K-9 served no legitimate governmental purpose.

27. ASOUS has a documented history of similar behavior, allowing his K-9 unit to maul an arrestee after he was under arrest and posed no threat of safety to police or the public.

28. ASOUS' unconstitutional acts, as described herein were the direct and proximate cause of the injuries suffered by the Plaintiff.

WHEREFORE, the Plaintiff prays order of this Honorable Court for judgement against MILAN ASOUS for all compensatory and punitive damages, and all other relief that the Court deems just and proper.

## COUNT II
## VIOLATION OF 4 U.S.C. § 1983–FAILURE TO INTERVENE
## (DEFENDANT RICHMOND)

29. The Plaintiff realleges and incorporates paragraphs 1-4 and 6-20 as if specifically pled herein.

30. At all times material hereto, Defendants RICHMOND had a duty to intervene to prevent or remediate the unlawful use of force against the Plaintiff caused by ASOUS' deployment of the K-9.

31. At all times material hereto, these Defendants were present and stood by and/or participated in the apprehension of the Plaintiff. Despite having the opportunity and ability to intervene to prevent the unlawful use of force by ASOUS after it was unequivocally and plainly clear to any reasonable person that the Plaintiff did not present any immediate danger or risk of harm, these Defendants acquiesced, failing to abide their duty to prevent the violation of constitutional rights.

WHEREFORE, the Plaintiff prays order of this Honorable Court for judgement against Defendant RICHMOND for all compensatory and punitive damages, and all other relief that the Court deems just and proper.

## COUNT III
## STATE TORT – BATTERY
## (DEFENDANT ASOUS)

32. The Plaintiff realleges and incorporates paragraphs 1-5 and 7-20 as if specifically pled herein.

33. On April 20, 2022, Defendant ASOUS, by use of a K-9, did unlawfully touch or strike the Plaintiff against his will without legal cause or justification.

34. At the time, the K-9 was under the complete control of ASOUS.

35. As a direct and proximate result of ASOUS' unlawful actions the Plaintiff suffered significant and serious bodily injury

WHEREFORE, the Plaintiff prays order of this Honorable Court for judgement against MILAN ASOUS for all compensatory damages, and all other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, TIMOTHY J. HOWELL, demands trial by jury of all issues so triable as of right by jury.

DATED this 15th day of February, 2024.

*s/ David A. Frankel*
DAVID A. FRANKEL
Law Offices of David A. Frankel, P.A.
Attorneys for Plaintiff
4601 Sheridan Street, Suite 212
Hollywood, FL  33021
(954) 683-0300
David@BlueLotusLaw.com
eService@BlueLotusLaw.com
Paralegal@BlueLotusLaw.com
FLA. BAR NO.  741779

6